Filed Under Seal

File Date: August 25, 2023
Case Number: 23-cr-133
Judge Rachel P. Kovner

JMH:JOE/MS
F. #2023R00019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

███████████████████ ,
STEPHANIE COX,
JASMIN LOPEZ and
DAVID VASQUEZ,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 23-133 (S-1) (RPK)
(T. 18, U.S.C., §§ 922(g)(1), 924(a)(8),
924(c)(1)(A)(i), 924(d)(1), 2 and 3551 et
seq.; T. 21, U.S.C., §§ 841(b)(1)(A)(vi),
841(b)(1)(A)(viii), 841(b)(1)(C), 846,
853(a) and 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

### COUNT ONE
(Conspiracy to Possess with Intent to Distribute Controlled Substances)

1.     In or about and between October 2022 and January 2023, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants ██████████████████ , STEPHANIE COX, JASMIN LOPEZ

and DAVID VASQUEZ, together with others, did knowingly and intentionally conspire to

possess with intent to distribute one or more controlled substances, which offense involved (a) a

substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a

Schedule II controlled substance; and (b) a mixture and substance containing a detectable

amount of methamphetamine, a Schedule II controlled substance, and its salts, isomers and salts

of its isomers, contrary to Title 21, United States Code, Section 841(a)(1).

2.     With respect to the defendants ██████████████████

██████ and DAVID VASQUEZ, the amount of methamphetamine involved in the conspiracy

attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers and salts of its isomers.

        3.    With respect to the defendants ▮▮▮▮▮▮▮▮▮▮ and DAVID VASQUEZ, the amount of fentanyl involved in the conspiracy attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was 400 grams or more of a substance containing fentanyl.

        (Title 21, United States Code, Sections 846, 841(b)(1)(A)(vi), 841(b)(1)(A)(viii) and 841(b)(1)(C); Title 18, United States Code, Sections 3551 et seq.)

## COUNT TWO
(Using and Carrying a Firearm During a Drug Trafficking Crime)

        4.    On or about and between January 1, 2023 and January 10, 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DAVID VASQUEZ, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more drug trafficking crimes, to wit: the crime charged in Count One, and did knowingly and intentionally possess such firearms in furtherance of such drug trafficking crime.

        (Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT THREE
(Felon in Possession of a Firearm)

5. On or about and between January 1, 2023 and January 10, 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DAVID VASQUEZ, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a 9mm FN509 pistol bearing serial number GKS0190111.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(8) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT ONE

6. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offense; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, including but not limited to the following items seized on or about January 10, 2023, in Brooklyn, New York:

(i) one black .38 caliber revolver model Rossi M68 serial no. AA234154 and ammunition contained therein; and

(ii) one black 9mm pistol model FN509 serial no. GKS0190111 with one black magazine and ammunition contained therein.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS TWO AND THREE

8.    The United States hereby gives notice to the defendant charged in Counts Two and Three that, upon his conviction of either such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924, including but not limited to the following items seized on or about January 10, 2023, in Brooklyn, New York:

(i)    one black .38 caliber revolver model Rossi M68 serial no. AA234154 and ammunition contained therein; and

(ii)    one black 9mm pistol model FN509 serial no. GKS0190111 with one black magazine and ammunition contained therein.

9.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

      (b)     has been transferred or sold to, or deposited with, a third party;

      (c)     has been placed beyond the jurisdiction of the court;

      (d)     has been substantially diminished in value; or

      (e)     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendant up to the value of the forfeitable

property described in this forfeiture allegation.

      (Title 18, United States Code, Section 924(d)(1); Title 21, United States Code,

Section 853(p); Title 28, United States Code, Section 2461(c))

      A TRUE BILL

_____

      FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2023R00019

FORM DBD-34
JUN. 85

No. 23-133 (S-1) (RPK)

# UNITED STATES DISTRICT COURT
## EASTERN *District of* NEW YORK
### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

███████████████ STEPHANIE COX,
JASMIN LOPEZ AND DAVID VASQUEZ,

Defendants.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 922(g)(1), 924(a)(8), 924(c)(1)(A)(i), 924(d)(1), 2 and
3551 et seq.; T. 21, U.S.C., §§ 841(b)(1)(A)(vi), 841(b)(1)(A)(viii),
841(b)(1)(C), 846, 853(a) and 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

*John O. Enright, Assistant U.S. Attorney (718) 254-6203*
*Matthew Skurnik, Assistant U.S. Attorney (718) 254-6231*